IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY SCOTT CEDARBLOOM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:17-cv-01436-MO

OPINION AND ORDER

    Ruben L. Iniguez, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Billy J. Williams
    United States Attorney
    Thomas S. Ratcliffe, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging his certification for extradition. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## **BACKGROUND**

On November 23, 1998, Petitioner robbed a branch of the Canada Trust Bank in Halifax, Nova Scotia. Three days later, he pled guilty to one count of Robbery in violation of Section 344 of the Criminal Code of Canada and received a 42-month prison sentence.

On August 28, 2000, Canadian authorities released Petitioner on day parole, instructing him to proceed directly to a community-based residential facility in Halifax. Petitioner never showed up to the residential facility, prompting the revocation of his parole and the issuance of an arrest warrant.

In 2012, American authorities arrested Petitioner for driving under the influence. They contacted the Correctional Service of Canada ("CSC") notifying it of Petitioner's detention, but released Petitioner before the CSC finalized its decision regarding extradition. Misc. Docket (#1-3), p. 5.[1]

---

[1] References to the Miscellaneous Docket are to Petitioner's miscellaneous extradition case, *In Re Extradition of Cedarbloom*, Case No. 3:17-mc-00094.

In 2014, the U.S. Forest Service discovered Petitioner sleeping in a park, confirmed his identity via photographs, and notified the CSC of Petitioner's status and whereabouts. The CSC declined to make an extradition request at that time due to Petitioner's transient status. *Id.*

On July 2, 2015, a Deschutes County Deputy Sheriff contacted the CSC to report that he had discovered Petitioner at a property in Bend while investigating a complaint of neglected llamas. As a result of this contact, on October 26, 2015, the Government of Canada formally requested Petitioner's extradition, and twice supplemented that request on June 28, 2016 and August 26, 2016, respectively. Misc. Docket (#1-1), p. 2.

On February 28, 2017, the U.S. District Court issued a warrant for Petitioner's arrest based upon Canada's extradition request. Two days later, authorities arrested Petitioner at the Bend residence where he had been discovered on July 2, 2015. On March 6, 2017, the Honorable Paul Papak released Petitioner on conditions. Misc. Docket (#5).

On July 12, 2017, Judge Papak conducted an extradition hearing, and followed up with a supplemental hearing six days later. On August 7, 2017, Judge Papak certified Petitioner as extraditable to Canada. Misc. Docket (#27).

3 - OPINION AND ORDER

Petitioner filed this 28 U.S.C. § 2241 habeas corpus case challenging Judge Papak's extradition certification on several bases:

> 1. The Canadian Parliament never ratified the Extradition Treaty, thus it has no effect;
>
> 2. The "dual criminality" requirement has not been met in this case because the robbery of a bank insured by the Federal Deposit Insurance Corporation ("FDIC") is not punishable by both countries;
>
> 3. There was no probable cause to certify extradition in Petitioner's case;
>
> 4. Canada's 15-year delay in requesting extradition violates Petitioner's Fifth Amendment right to due process under the U.S. Constitution as well as Article 8 of the Extradition Treaty;
>
> 5. Canada's belated request for extradition amounts to cruel and unusual punishment and therefore violates the Eighth Amendment of the U.S. Constitution as well as Article 8 of the Extradition Treaty; and
>
> 6. Judge Papak's decision violates Article 4 of the Extradition Treaty because Petitioner's punishment in the United States barred his extradition to Canada to serve a separate punishment for the same offense.

Respondent asks the Court to deny relief on the Petition because: (1) with the exception of Ground 5, Judge Papak considered and properly rejected Petitioner's arguments; and (2) Petitioner's claims lack merit.

4 - OPINION AND ORDER

# DISCUSSION

Judicial certifications of extradition are not directly appealable. Instead, habeas corpus is the only vehicle by which to challenge an extradition order. *Vo v. Benov,* 447 F.3d 1235, 1240 (9th Cir. 2006). The Court's inquiry is limited to whether: (1) the magistrate had jurisdiction over the petitioner; (2) the treaty was in full force and effect; (3) the crime fell within the terms of the treaty; and (4) there was any competent evidence supporting the magistrate's finding of extraditability. *Id.*

## I. Ratification of Extradition Treaty

Petitioner first asserts that Judge Papak erred because the Extradition Treaty is not in full force and effect. Specifically, he claims that no governmental body in Canada ever endorsed the Treaty, leaving it unenforceable where the United States is its only signatory.

Judge Papak determined that whether the Government of Canada properly ratified the Treaty is non-justiciable as a political question to be addressed by the U.S. Executive Branch. Even to the extent this could be seen as a justiciable question, the intentions of the executive branches of the respective countries are central to the analysis, and both the United States and the Canadian Governments agree that the Extradition

5 - OPINION AND ORDER

Treaty has been ratified and has been in full force and effect for decades. Misc. Docket 1-1, p. 4; *See also Then v. Melendez*, 92 F.3d 851, 854 (9th Cir. 1996) (courts should defer to the intentions of the executive branches of the countries involved in the treaty); *Saroop v. Garcia*, 109 F.3d 165, 170 (3rd Cir. 1997) (same). Consequently, this claim lacks merit.

II. **Dual Criminality**

Article 2 of the Extradition Treaty limits its applicability to conduct which is punishable in both countries by detention for more than one year. Petitioner argues that Judge Papak erred when he found that the dual criminality requirement had been met because bank robbery under the 18 U.S.C. § 2113 requires that the victim bank be an FDIC-insured institution, and there is no dispute that Canada Trust is not insured by the FDIC.

"The primary focus of dual criminality has always been on the conduct charged; the elements of the analogous offenses need not be identical." *Clarey v. Gregg*, 138 F.3d 764, 765 (9th Cir. 1998. The FDIC requirement associated with the American bank robbery law does not render it so dissimilar to its Canadian counterpart that dual criminality is not satisfied. This is especially true because the FDIC insurance requirement is a jurisdictional one, and jurisdictional elements are not relevant

to the dual criminality analysis. *United States v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997) (FDIC element is jurisdictional); *Emami v. U.S. Dist. Court for N.D. of Calif.*, 834 F.2d 1444, 1450 (9th Cir. 1987) (disregarding jurisdictional differences and focusing on the functional equivalent of the substantive conduct). For these reasons, I find Petitioner's conviction for bank robbery in Canada to be sufficiently similar to 18 U.S.C. 2113(a) to satisfy the dual criminality requirement of the Treaty.

### III. Finding of Probable Cause

Petitioner next claims that Judge Papak erred when he found that probable cause existed to certify the extradition. He states that probable cause is satisfied by a foreign conviction only so long as it is obtained following a trial at which the accused was present and represented by counsel. He reasons that he had no trial, and only entered a guilty plea very early in the proceedings upon the advice of counsel, thus his conviction cannot support a finding of probable cause. Not only does Petitioner fail to provide the Court with any authority for the proposition that a guilty plea cannot support the probable cause necessary for certification of extradition, but where he admitted on the record in open court to robbing a Canadian bank,

7 - OPINION AND ORDER

probable cause existed that he committed bank robbery. Judge Papak therefore did not err in making such a finding.

IV. **15-Year Delay**

Article 8 of the Extradition Treaty provides that extradition determinations must be made in accordance with the law of the requested state. According to Petitioner, his certification for extradition violates his Fifth Amendment right to due process of law and, thus, Article 8 of the Treaty due to the Canadian Government's 15-year delay in requesting his extradition. He points out that Canada had ample notice of his presence in the United States and several opportunities to request extradition. He argues that where Canada did not act diligently with its extradition request, he suffered prejudice as a result of that delay such that his extradition at this late date is unlawful.

The Ninth Circuit has held that "'the [U.S.] Constitution does not of its own force impose on foreign governments the obligation to act speedily in seeking extradition of a fugitive from the United States[.]'" *Santos v. Thomas*, 830 F.3d 987, 1045-46 (9th Cir. 2016) (quoting *In re Extradition of Kraiselburd*, 786 F.2d 1395, 1398 (9th Cir. 1986)). Accordingly, Petitioner's due process claim lacks merit.

8 - OPINION AND ORDER

Petitioner also casts the delayed extradition as a violation of the Eighth Amendment because it amounts to cruel and unusual punishment, and is thus prohibited both by the U.S. Constitution as well as Article 8 of the Extradition Treaty. The extradition is not punishment by the United States. Where the delay of which Petitioner complains does not pertain to a U.S. criminal proceeding but, instead, relates to extradition in the context of a Canadian conviction, the Eighth Amendment is inapplicable. *See Bell v. Wolfish,* 441 U.S. 520, 579 (1979) (Eighth Amendment protects only individuals convicted of crimes); *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004).

## V. Punishment by the United States

Finally, Petitioner alleges that Judge Papak violated Article 4 of the Extradition Treaty which proscribes extradition if the person sought has already been punished in the territory from which extradition is requested. Petitioner believes that he was "punished" in the United States insofar as he was arrested at his home in Bend on March 2, 2017 and held in custody for five days prior to his release on conditions. He reasons that any amount of time spent in custody unquestionably amounts to punishment such that, where the Treaty does not require any particular severity of punishment to preclude extradition, the United States punished him for his Canadian bank robbery.

As stated above, the extradition process does not amount to punishment by the United States. Although the United States held Petitioner in custody for five days, it did so based upon the applicable extradition statute, 18 U.S.C. § 3184, not as a consequence of any U.S. criminal proceeding. Accordingly, Petitioner's extradition to Canada does not violate Article 4 of the Treaty.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

DATED this 29th day of May, 2018.

_____
Michael W. Mosman
United States District Judge